JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LISA HARRIS

**DEFENDANTS**

BEASLEY MEDIA GROUP, LLC, & BEASLEY MEZZANINE HOLDINGS, LLC

**(b)** County of Residence of First Listed Plaintiff   MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq. ("Title VII"); 29 U.S.C. § 623 et seq. ("ADEA"), 43 P.S. § 951, et seq. ("PHRA").

Brief description of cause:
Plaintiff brings this action against her former employer for sex and age discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $
excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
August 2, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Norristown, PA 19403 _____

Address of Defendant: _____ One Bala Plaza, Suite 429, Bala Cynwyd, PA 19004 _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/2/21 _____  _____ *Attorney-at-Law / Pro Se Plaintiff* _____  314179 _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Lane J. Schiff, Esquire _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 8/2/21 _____  _____ *Attorney-at-Law / Pro Se Plaintiff* _____  314179 _____ *Attorney I.D. # (if applicable)*   2

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| LISA HARRIS | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| v. | : | |
| BEASLEY MEDIA GROUP, LLC, et al. | : | |
| | : | NO. |
| DEFENDANTS. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

August 2, 2021                                                        Plaintiff, Lisa Harris

_____        _____        _____
**Date**                     **Attorney-at-law**             **Attorney for**

(215) 545-7676              (215) 565-2859               schiff@consolelaw.com

_____        _____        _____
**Telephone**                  **FAX Number**              **E-Mail Address**

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)         The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)         In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)         The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)         Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)         Nothing in this Plan is intended to supersede Local Civil Rules 40.1 or 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| **LISA HARRIS** | : | |
| **Norristown, PA 19403** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BEASLEY MEDIA GROUP, LLC** | : | |
| **One Bala Plaza, Suite 429** | : | **JURY TRIAL DEMANDED** |
| **Bala Cynwyd, PA 19004** | : | |
| | : | |
| **&** | : | |
| | : | |
| **BEASLEY MEZZANINE HOLDINGS, LLC** | : | |
| **One Bala Plaza, Suite 429** | : | |
| **Bala Cynwyd, PA 19004** | : | |
| **Defendants.** | : | |

---

## COMPLAINT

### I. INTRODUCTION

Plaintiff, Lisa Harris, brings this action against her former employers, Beasley Media Group, LLC and Beasley Mezzanine Holdings, LLC, as a result of the invidious sex and age discrimination to which she was subjected. Defendants' discriminatory conduct violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"). Plaintiff seeks all damages, including economic loss, compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II.     PARTIES

1.      Plaintiff, Lisa Harris, is a female individual, residing in Norristown, Pennsylvania.

2.      Defendant Beasley Media Group LLC is a limited liability company, maintaining a place of business located on One Bala Plaza, Suite 429, Bala Cynwyd, PA 19004.

3.      Defendant Beasley Mezzanine Holdings, LLC is a limited liability company, maintaining a place of business located on One Bala Plaza, Suite 429, Bala Cynwyd, PA 19004.

4.      At all times material hereto, Defendants acted by and through their authorized agents, workers, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

5.      At all times material hereto, Defendants acted as an employer of Plaintiff within the meaning of the statutes that form the basis of this matter.

6.      At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes that form the basis of this matter.

## III.     JURISDICTION AND VENUE

7.      The causes of action that form the basis of this matter arise under Title VII, the ADEA, and the PHRA.

8.      The District Court has jurisdiction over Count I (Title VII) and Count II (ADEA) pursuant to 28 U.S.C. §1331.

9.      The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

10.     Venue is proper in the District Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred within this District.

11.     On or about December 13, 2019, Plaintiff filed a Complaint with the Pennsylvania

Human Relations Commission ("PHRC"), complaining of the acts of discrimination alleged herein. This complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein and marked as "Exhibit A" is a true and correct copy of the PHRC Complaint (with personal identifying information redacted).

12.     On or about May 12, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein and marked as "Exhibit B" is a true and correct copy of that notice.

13.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

14.     Plaintiff was employed by Defendants and its predecessor from on or about September 8, 2014 until on or about October 31, 2019.

15.     Plaintiff consistently performed her job duties in a highly competent manner and received positive feedback.

16.     Plaintiff last held the position of Promotions Director and Marketing Director.

17.     On or about July 26, 2018, Plaintiff began reporting to Joseph Bell (male), Vice President and Market Manager.

18.     On or about October 31, 2019, Defendants terminated Plaintiff's employment.

19.     Before the termination meeting, Plaintiff had no indication that her job was in jeopardy.

20.     The stated reason for Plaintiff's termination was Defendants' reduction in force.

21.     During the termination meeting, Bell stated that Plaintiff's termination was not performance-based.

22.     During the terminating meeting, Bell stated that Plaintiff's termination had nothing to do with her age.

23.     Plaintiff subsequently asked Gloria Wren, Corporate Human Resources Director, why Bell had stated that Plaintiff's termination had nothing to do with her age.  Wren stated that Plaintiff should not have been told the same.

24.     Defendants' conduct and comments evidence a bias against older and/or female employees.

25.     At the time of Plaintiff's termination, seven (7) Director-level employees reported directly to Bell, including Plaintiff.  Plaintiff was the only female employee and, to Plaintiff's knowledge, amongst the oldest of such Director level employees.

26.     Plaintiff was Bell's only direct report terminated effective October 31, 2019.

27.     Defendants retained all other Director-level employees directly reporting to Bell and retained all of Plaintiff's direct reports, all of whom were younger and/or male.

28.     Defendants retained male and/or younger employees in positions for which Plaintiff was more qualified.

29.     Defendants offered no explanation, including the selection criteria, as to why Plaintiff was terminated and the younger and/or male employees were retained.

30.     Defendants replaced Plaintiff with Donnie Black (male, approximate age 34).

31.     Following Plaintiff's termination, Plaintiff's job duties were additionally handled by Sean Hagan (male, approximate age 25) and Sean Burke (male, approximate age 34).

32.     Plaintiff's sex was a motivating and/or determinative factor in Plaintiff's termination of employment.

33.     Plaintiff's age was a motivating and determinative factor in Plaintiff's termination

of employment.

34.     Plaintiff's combination of age and sex was a motivating and determinative factor in Plaintiff's termination of employment.

35.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

36.     Plaintiff is now suffering, and will continue to suffer, irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

37.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

## COUNT I – TITLE VII

38.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

39.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated Title VII.

40.     Defendants acted willfully and intentionally and with malice and/or reckless indifference to Plaintiff's protected rights, thereby warranting the imposition of punitive damages.

41.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

42.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants

the relief requested herein.

43.     No previous application has been made for the relief requested herein.

## COUNT II - ADEA

44.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

45.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the ADEA.

46.     Defendants' violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages

47.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

48.     Plaintiff is now suffering and may continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

49.     No previous application has been made for the relief requested herein.

## COUNT III - PHRA

50.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

51.     By committing the foregoing acts of discrimination, Defendants violated the PHRA.

52.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

53.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

54.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the ADEA;

(c) declaring the acts and practices complained of herein to be in violation of the PHRA;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(f) awarding damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(g) awarding back pay and front pay;

(h) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(i) awarding punitive damages to Plaintiff;

(j) awarding liquidated damages to Plaintiff;

(k) awarding Plaintiff such other damages and relief as is appropriate under Title VII, the ADEA, and the PHRA;

(l)  awarding Plaintiff the costs of suit, expert fees, and other disbursements;

(m) awarding Plaintiff attorneys' fees; and

(n)  granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: August 2, 2021          By: _____

Lane J, Schiff, Esquire
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiff,
Lisa Harris

# EXHIBIT A

Received

DEC 1 3 2019

PA Human Relations Commission
Philadelphia Regional Office.

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

|  |  |  |
|---|---|---|
| COMPLAINANT: | : | |
| **LISA HARRIS** | : | Docket No. 2019 03054 |
| v. | : | |
| RESPONDENTS: | : | |
| **BEASLEY MEDIA GROUP, LLC** | : | |
| and | : | |
| **BEASLEY MEZZANINE HOLDINGS, LLC** | : | |

1. The Complainant herein is:

   Name:       Lisa Harris
   Address:    REDACTED
               Norristown, PA 19403

2. The Respondents herein are:

   Name:       Beasley Media Group, LLC; Beasley Mezzanine Holdings, LLC

   Address:    One Bala Plaza, Suite 429
               Bala Cynwyd, PA 19004

3. I, Lisa Harris, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (53), my sex (female), and/or the combination of my age and sex ("age/sex") as set forth below.

## Discrimination

**A. I specifically allege:**

[1]     I was hired by Respondents' predecessor on or about September 8, 2014.

[2]     I consistently performed my job duties in a highly competent manner, and received positive feedback.

[3]     I last held the position of Promotions Director and Marketing Director.

[4]     I last reported to Joseph Bell (male, 70[1]), Vice President and Market Manager. Bell reported to Bruce Beasley (male, 65). President.

[5]     On July 26, 2018, I began reporting to Bell.

[6]     I was the only female Director-level employee directly reporting to Bell.

[7]     At the time of my termination, in addition to me, the following Director-level employees were directly reporting to Bell.

    a.   John Pooler (male, 40), Business Manager;

    b.   Chuck D'Amico (male, 42), Program Director;

    c.   Mark Radziewicz (male, 45), Program Director;

    d.   Paul Blake (male, 52), Director of Sales;

    e.   Eric Johnson (male, 55), Program Director;

    f.   Bill Weston (male, 55), Program Director;

    g.   Keith Smeal (male, 55), Chief Engineering Officer.

[8]     On October 31, 2019, in a meeting with Bell and Pooler, Respondents terminated my employment, effective immediately. Before the termination meeting, I had no indication that my job was in jeopardy. The stated reason for my termination was Respondents'

---

[1] All ages herein are approximations.

reduction in force. Bell stated that my termination was not performance-based and that my termination had nothing to do with my age.

[9] Respondents terminated my employment because of my age and/or sex and/or age/sex.

[10] Respondents offered no explanation, including the selection criteria, as to why I was terminated and the younger and/or male employees were retained.

[11] I was Bell's only direct report terminated effective October 31, 2019.

[12] Respondents retained all other Director-level employees directly reporting to Bell, and retained all of my direct reports—all of whom were younger and/or male.

[13] I was the only Promotions Director or Marketing Director terminated effective October 31, 2019.

[14] I was the only female employee in a Promotions Director or Marketing Director position.

[15] I was the oldest employee in a Promotions Director or Marketing Director position.

[16] Respondents retained male and/or younger employees in positions for which I was more qualified.

[17] When I was terminated, the following employees were retained in positions for which I was more qualified.

    a. Sean Hagan (male, 25), Promotions Director;

    b. Sean Burke (male, 34), Promotions Director;

    c. Donnie Black (male, 34), Promotions Director and Morning Show Producer;

     d. Eric Simon (male, 40), Promotions Director;

     e. Todd DiFeo (male, 40), Promotions Coordinator;

     f. Kara Lester (female, 24), Promotions Coordinator;

[18]     Respondents replaced me with Black (male, 34). I was more qualified to perform my job duties than the substantially younger, male employee with whom Respondents replaced me.

[19]     I had no disciplinary or performance issues throughout my employment.

[20]     Respondents did not offer me a downgraded position or a position with reduced pay or any opportunity to remain employed before terminating my employment.

[21]     On November 1, 2019, in a phone call with Gloria Wren (female, 48), Corporate Human Resources Director, I asked why I was told that my termination had nothing to do with my age. Wren stated that I should not have been told the same.

[22]     Respondents' conduct and comments evidence a bias against older and/or female employees.

**B.** Based on the aforementioned, I allege that Respondents have discriminated against me because of my age (53), my sex (female), and/or the combination of my age and sex ("age/sex") in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

__X__        Pennsylvania Human Relations Act (Act of October 27, 1955, P.L.

744, as amended) Section 5 Subsection(s): __(a)__

____        Section 5.1 Subsection(s) _____

____        Section 5.2 Subsection(s) _____

____        Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the

Complainant in any court or before any other commission within the Commonwealth of

Pennsylvania as follows:

__X__        **This charge will be referred to the EEOC for the purpose of dual**

**filing.**

6.    The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation

complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

DECEMBER 12, 2019
(Date Signed)

(Signature)    Lisa Harris
REDACTED
Norristown, PA 19403

# EXHIBIT B

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To:  **Lisa Harris**<br>REDACTED<br>**Norristown, PA 19403** | From:  **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2020-60942** | **Damon A. Johnson,**<br>**State, Local & Tribal Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

| | |
|---|---|
| Enclosures(s) | *Dana R. Hutter*  —  May 12, 2021<br>**Dana R. Hutter,**<br>**Deputy Director**  *(Date Issued)* |

cc:

| **For Respondent:**<br>**Chad Flores, Esq.**<br>**Fisher & Phillipa LLP**<br>**Via email only: cflores@fisherphillips.com** | **For Charging Party:**<br>**Lane Schiff, Esq.**<br>**Console Mattiacci Law**<br>**Via email only:  schiff@consolelaw.com** |
|---|---|